AO 247 (Rev. 11/11) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Middle District of Georgia

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No: 5:16-CR-00016-001 |
| Carlton M. Butler | ) |
| | ) USM No: 99605-020 |
| Date of Original Judgment: 03/17/2017 | ) |
| Date of Previous Amended Judgment: n/a | ) Kenneth Ronald Smith |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of  ☒ the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ **DENIED.**  ☐ **GRANTED** and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(Complete Parts I and II of Page 2 when motion is granted)*

On September 8, 2016, the defendant pled guilty to Counts One and Two of a seventeen-count indictment charging distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), respectively. He was sentenced to 300 months on Count One and 60 months on Count Two, to run consecutively, for a total sentence of 360 months.

On November 1, 2023, amended Sentencing Guidelines went into effect that reduced criminal history "status points" (being under a criminal justice sentence at the time the offense is committed). USSG §4A1.1(e) reduced the number of status points assessed to one point *if* the defendant receives seven or more points under subsections (a) – (d) and was under a criminal justice sentence at the time he committed the instant offense. The defendant had nine criminal history points. Two "status points" were added as he was under a criminal justice sentence at the time he committed the offense, resulting in a total score of eleven and Criminal History Category of V. However, the defendant was a Career Offender; therefore, his Criminal History Category was VI, pursuant to USSG §4B1.1(b). Based upon the amendment, which became retroactive February 1, 2024, only one "status point" would be added, resulting in a total criminal history score of ten and the Criminal History Category would be V (10 – 12 points). However, as the defendant was a Career Offender, his Criminal History Category would remain VI. Pursuant to USSG § 1B1.10(a)(2) (Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)), a reduction in a defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) where the amendment does not have the effect of lowering the defendant's applicable guideline range. Because the defendant's advisory sentencing range remains unchanged, his Motion for Reduction of Sentence (Doc. 115) is **DENIED**.

Except as otherwise provided, all provisions of the judgment dated   03/17/2017   shall remain in effect.
**IT IS SO ORDERED**.

Order Date:  5/24/2024                                    S/ Marc T. Treadwell
                                                           *Judge's signature*

Effective Date: _____                            Marc T. Treadwell, Chief U.S. District Judge
*(if different from order date)*                           *Printed name and title*