IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CASE NO. 5:16-cr-16 (MTT) |
| | ) |
| CARLTON M. BUTLER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

# ORDER

On May 24, 2024, the Court denied Carlton Butler's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 821 of the United States Sentencing Guidelines. ECF 116. Butler has moved for reconsideration of the Court's order. ECF 119. Butler also appears to move for reconsideration of the Court's 2021 denial of his motion for compassionate release.[1] ECF 122. For the following reasons, Butler's motions for reconsideration (ECF 119; 122) are **DENIED**.

## I. DISCUSSION

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was

---

[1] Butler titled his second motion, "supplemental motion for reconsideration of compassionate release." ECF 122 at 1. However, he largely repeats arguments made in his motion for reconsideration of the Court's order denying Butler's Amendment 821 motion. *Compare* ECF 119 *with* ECF 122.

not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

**A. Due Process**

First, Butler argues that "procedural fairness was compromised when he was denied the opportunity to reply to the government's opposition to his motion" for a sentence reduction. ECF 122 at 2; *see* ECF 119 at 1; ECF 116. He argues that the denial of his opportunity to respond violated due process as well as 5 U.S.C. § 556. First, 5 U.S.C. § 556 governs procedures during administrative hearings and is, thus, inapplicable to Butler's motion for a sentence reduction. *See* 5 U.S.C. § 556(a); 5 U.S.C. § 554; 5 U.S.C. § 555.

Regarding due process, in an 18 U.S.C. § 3582(c) proceeding, "each party must be given notice of and opportunity to contest new information relied on by the district court." *United States v. Jules*, 595 F.3d 1239, 1245 (11th Cir. 2010). However, "courts need not permit re-litigation of any information available at the original sentencing. Nor is either party entitled to any response when the court does not intend to *rely* on new information." *Id.* at 1245 (emphasis in original).

Here, the Government did not present new information to the Court.[2] Nor did the Court consider new information sua sponte. As the Court's order denying Butler's

---

[2] The Court received a recommendation from the United States' Probation Office ("USPO"), which it adopted. However, that recommendation did not rely on new information, and a defendant is not entitled to respond to a probation recommendation that relies only on information known at the original sentencing. *See United States v. Fu Qian Danny Pan*, 540 F. App'x 945, 948 (11th Cir. Oct. 22, 2013)

motion for a sentence reduction explains, the Court considered only Butler's original sentence and the November 2023 amended sentencing guidelines raised by Butler. ECF 115 at 1; 116. Accordingly, Butler has not shown that he was deprived of due process. *See United States v. Marinez,* 2021 WL 2878823, at *2 (11th Cir. July 9, 2021) (finding no abuse of discretion when "the government did not provide any new information … and the information that the district court did rely on … was from [the defendant's] motion or the previously-existing presentence investigation report.").

**B. Butler's Designation as a Career Criminal**

Butler also argues that "his designation as a career criminal is inconsistent with statutory requirements under *United States v. Newbold*, 791 F.3d 455 (4th Cir. 2015)." ECF 122 at 2; 116. However, *Newbold* is neither binding nor on point. At issue in *Newbold* was whether the defendant qualified as an Armed Career Criminal under the Armed Career Criminal Act. 791 F.3d at 457. The Armed Career Criminal enhancement, U.S.S.G. § 4B1.4(b), requires "three previous convictions … for a violent felony or a serious drug offense. 18 U.S.C. § 924(e); s*ee Newbold*, 791 F.3d at 457*.*  In contrast, Butler was designated a Career Offender under U.S.S.G. § 4B1.1. ECF 50 at 8; 56 at 13; 116. U.S.S.G. § 4B1.1(a) requires only that the defendant have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." According to the Pre-Sentence Investigation Report, Butler had three prior felony convictions of controlled substance offenses. ECF 56 at 13. Thus, Butler has not demonstrated clear error in his designation as a career offender. *See* ECF 116 at 1.

---

(finding no due process violation when "[t]he USPO's position to [the defendant's] motion only included information that was available at the original sentencing proceeding, and nothing in the record indicates the district court relied on new information at the original sentencing hearing").

**C. *Concepcion v. United States***

Butler further references *Concepcion v. United States*, 597 U.S. 81 (2022) "to affirm the Court's authority and discretion to consider intervening changes in law and facts, including recent legislative forms, during plenary re-sentencing." ECF 122 at 2. In *Concepcion*, the Supreme Court held "the First Step Act allows district courts to consider intervening changes of law or fact when exercising their discretion to reduce a sentence pursuant to the First Step Act." 597 U.S. at 500. Here, the Court analyzed an intervening change in the sentencing guidelines, but ultimately concluded that the change did not affect Butler's sentence. ECF 116. Butler does not explain how *Concepcion* reveals a clear error in the Court's conclusion.

**D. Compassionate Release**

Next, Butler suggests he is entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF 122 at 3-4. To the extent Butler moves for reconsideration of the Court's 2021 order denying him compassionate release, his motion is untimely. *See United v. Sanders*, 2023 WL 2822129, at *2 (11th Cir. Apr. 7, 2023) (holding that a motion for reconsideration was untimely because the defendant waited over a year before moving for reconsideration).

Moreover, even if Butler properly moves for compassionate release, he has not demonstrated grounds for such relief. Butler states two grounds for compassionate release: (1) that he is serving an unusually long sentence, and (2) that he has made significant rehabilitation efforts. ECF 122 at 3-4. First, the Court cannot consider whether Butler is serving an unusually long sentence because he has not served ten years of his sentence, which is a prerequisite to relief under U.S.S.G. § 1B1.13(6). *See*

ECF 50; 59. And "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13(b)(6). Accordingly, Butler has not provided evidence that he is entitled to reconsideration of his compassionate release motion.

**E. Motion to Appoint Counsel**

Finally, Butler requests the appointment of counsel "[s]hould the court determine that relief is warranted." ECF 122 at 3. Again, the Court concludes that relief is not warranted. In any event, there is no constitutional or statutory right to counsel for motions for sentence reductions. *United States v. Cain*, 827 F. App'x 915, 921 (11th Cir. 2020) (citing *United States v. Webb*, 565 F.3d 789, 794 (11th Cir. 2009)). Rather, the Court may appoint counsel "if it determines that the 'interests of justice' so require." *Id.* Here, Butler has not shown that the "interests of justice" require the appointment of counsel.

## II. CONCLUSION

Because Butler has not demonstrated an intervening change in the law, new evidence, or a clear error of law, Butler's motions for reconsideration (ECF 119; 122) are **DENIED**.

**SO ORDERED**, this 25th day of November, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
